Filed 3/10/15  P. v. Cruz CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# **COPY**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072126 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 10F06182, 10F04710) |
| v. | |
| THOMAS CRUZ, | |
| Defendant and Appellant. | |

Defendant Thomas Cruz was charged with crimes committed during two separate incidents.  Regarding the first incident, defendant was charged with the attempted murder of Juan Gonzalez (Pen. Code, §§ 187, 664[1] (count one)) and shooting at an inhabited dwelling (§ 246 (count two)).  In connection with count one, it was further alleged that the attempted murder was deliberate and premeditated (§ 664).  In connection with counts one and two, it was further alleged that a principal used and discharged a firearm and that

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

1

defendant personally used and discharged a firearm (§ 12022.53, subds. (b), (c), (e)(1)). Regarding the second incident, defendant was charged with the attempted murder of Ricardo Castillo (§§ 187, 664 (count three)), and assault on Castillo by means of force likely to produce great bodily injury (§ 245, subd. (a)(1) (count four)).  In connection with counts three and four, it was further alleged that defendant personally used a knife (§ 12022, subd. (b)(1)) and inflicted great bodily injury (§ 12022.7, subd. (a)).  In connection with all counts, it was alleged that defendant committed the offenses for the benefit of  the Norteño criminal street gang (§ 186.22, subd. (b)(1)).

A jury found defendant guilty of shooting at an inhabited dwelling and sustained the allegations that defendant personally used a firearm, at least one principal used and discharged a firearm (§ 12022.53, subds. (b), (e)(1)),[2] and that the offense was committed for the benefit of a gang (§ 186.22, subd. (b)(1)).  The jury found defendant not guilty on count three and found him guilty on the lesser included misdemeanor offense of simple assault (§ 240) on count four.  The jury was unable to reach a verdict on count one, the court declared a mistrial on that count, and the prosecutor's motion to dismiss that count was granted.

The trial court sentenced defendant to state prison for a indeterminate term of 15 years to life on count two, shooting at an inhabited dwelling (§§ 246, 186.22, subd. (b)(4)) plus a determinate term of 10 years for the firearm use enhancement (§ 12022.53, subd. (b)).  The court also sentenced defendant to six months for the misdemeanor assault with credit for time served.

Defendant contends (1) his sentence of 25 years to life constitutes cruel and unusual punishment under the federal and state Constitutions, and (2) the abstract of judgment requires modification to delete the gang enhancement because the same

---

[2]  The jury did not make a finding regarding the allegation that defendant personally discharged a firearm.  (§ 12022.53, subd. (c).)

enhancement was used to sentence him to 15 years to life. We conclude that defendant has forfeited his constitutional challenge to his sentence. We order the abstract amended to strike the gang enhancement (§ 186.22, subd. (b)(1)) from the list of enhancements but to include a reference to section 186.22, subdivision (b)(4), pursuant to which defendant was sentenced.

## FACTUAL AND PROCEDURAL BACKGROUND

About midnight on July 20, 2010, defendant, a validated Norteño gang member, and several other Norteño gang members went to a house occupied by the victim and others. The victim got up to investigate a loud noise and when he went outside, he encountered 12 people. The victim saw defendant holding a gun. Six shots were fired at the victim and the house. Another occupant of the house was affiliated with the Sureños, and he had fought with defendant on the previous day.

On July 21, 2010, "West Side Modesto" Sureño gang member Ricardo Castillo and his friend stopped at a gas station across the street from a fast-food restaurant where defendant and several of his fellow Norteño gang members were. After gang signs and affiliations were exchanged, a physical fight ensued. Castillo suffered six stab wounds.

## DISCUSSION

### I. Claim of Cruel and Unusual Punishment

At the time of the offenses, defendant was three months shy of being 19 years of age. Defendant contends his sentence on count two, shooting at an inhabited dwelling and the firearm use enhancement constitutes cruel and unusual punishment under *People v. Dillon* (1983) 34 Cal.3d 441 (*Dillon*). The People respond that the issue is forfeited because at sentencing, defendant did not raise this fact-specific challenge to his sentence. Defendant acknowledges that his attorney did not raise a *Dillon*-based cruel or unusual punishment claim at sentencing but argues his claim should be considered on the merits "to forestall a *subsequent* claim of ineffective assistance of counsel." (Italics added.) He does not make an ineffective assistance of counsel claim on appeal.

3

We conclude that defendant's claim of cruel and unusual punishment made for the first time on appeal is forfeited. (*People v. Burgener* (2003) 29 Cal.4th 833, 886 [defendant forfeits a federal constitutional argument by failing to object on such grounds in the trial court]; *People v. Norman* (2003) 109 Cal.App.4th 221, 229 ["[c]ruel and[/or] unusual punishment arguments, under the federal or California tests, require examination of the offense and the offender"]; *People v. DeJesus* (1995) 38 Cal.App.4th 1, 27 [*Dillon*-based challenge is "fact specific" and "must be raised in the trial court"; otherwise, it is forfeited]; *People v. Kelley* (1997) 52 Cal.App.4th 568, 583.)

## II. Amendment of Abstract

For shooting at an inhabited dwelling with the gang enhancement, the court orally imposed 15 years to life pursuant to section 186.22, subdivision (b)(4), and the abstract accurately reflects the sentence of 15 years to life. However, the trial court failed to address the section 186.22, subdivision (b)(1), enhancement, and although not orally ordered by the trial court, the abstract reflects that that enhancement was stayed. Defendant claims the abstract requires modification, striking the gang enhancement. We agree.

When a defendant is convicted of a felony violation of section 246 with a finding that the offense was committed for the benefit of a gang, the defendant is subject to the penalty provision of section 186.22, subdivision (b)(4), which mandates an indeterminate term of life with a minimum term of 15 years. The gang enhancement (§ 186.22, subd. (b)(1)) must be stricken. (*People v. Louie* (2012) 203 Cal.App.4th 388, 395-396.)

The abstract must be amended to strike the section 186.22, subdivision (b)(1), gang enhancement. Additionally, the abstract must be corrected to include a reference that defendant was sentenced pursuant to section 186.22, subdivision (b)(4). Item 8 at the

4

bottom of page one of the abstract should be completed to read: "Defendant was sentenced pursuant to . . . other (*specify*): Pen. Code, § 186.22, subd. (b)(4)."[3]

## DISPOSITION

The trial court is directed to prepare an amended abstract of judgment, striking the gang enhancement (§ 186.22, subd. (b)(1)) and including a reference that defendant was sentenced pursuant to section 186.22, subdivision (b)(4), as Item 8, and to forward a certified copy of the modified abstract to the Department of Corrections and Rehabilitation. The judgment is affirmed.

                                                         MURRAY        , J.

We concur:

       BLEASE        , Acting P. J.

       HULL         , J.

---

[3] We reject defendant's contention that there is no place on the abstract to reference the basis for the life sentence. Item 8 is the correct place on the abstract to note the basis for the life sentence.